UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:25-MC-12-RJ

| | |
|---|---|
| IN RE: SUBPOENA ISSUED TO FORMER U.S.D.A. EMPLOYEE ROBBIE HASKINS IN THE MATTER OF BARNES V. VILLARI BROS. FOOD, ET AL., *Wilson County Superior Court, File No. 23CVS169*, | ORDER |

This matter is before the court on the government's motion to quash a subpoena issued to Robbie Haskins, former United States Department of Agriculture ("USDA") employee, in the case of *Barnes v. Villari Bros. Food*, No. 23CVS169, Superior Court of Wilson County, North Carolina. [DE-2]. No response was filed, and the motion is ripe for ruling. For the reasons that follow, the motion is allowed and the subpoena is quashed.

On January 28, 2025, a subpoena was issued from Wilson County Superior Court to Robbie Haskins commanding that he appear and testify on March 31, 2025, in the case of *Barnes v. Villari Bros. Food*, No. 23CVS169, a matter in which the United States is not a party. [DE-1-3]. Haskins was served with the subpoena on January 30, 2025. [DE-3] at 1. The government unsuccessfully attempted to resolve the issues inherent in seeking to compel the testimony of a former federal employee in a state court matter to which the government is not a party; thereafter, the government removed the issue to this court, pursuant to 28 U.S.C. § 1442, [DE-1], and filed the instant motion to quash, [DE-3].

The government asserts that the subpoena does not comply with the USDA's regulations governing the testimony of personnel and production of records in legal proceedings found in 7

C.F.R. §§ 1.210–1.224. [DE-3] at 2. "A government employee may not be forced to comply with a subpoena if a valid regulation requires him or her not to comply." *Morgan v. Bagley*, No. 5:08-CV-217-BR, 2008 WL 2626974, at *1 (E.D.N.C. June 26, 2008) (citing *Smith v. Cromer*, 159 F.3d 875, 878 (4th Cir. 1998), *cert. denied*, 528 U.S. 826 (1999)). The USDA regulations provide that "[n]o employee may provide official information or testimony relating to official information in response to a demand unless authorized by the Department in accordance with this subpart. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)." 7 C.F.R. § 1.212. The USDA did not authorize Haskins to provide testimony, [DE-3-2], which it asserts would "involve former federal personnel in a private matter in order to testify about events that arose and occurred during Haskins' employment with U.S.D.A. and which is unrelated to the U.S.D.A.'s purpose . . . ." [DE-3] at 3. Furthermore, "sovereign immunity precludes a state court, and in turn a federal court on removal, from exercising jurisdiction to compel a government employee to testify contrary to agency instructions." *Morgan*, 2008 WL 2626974, at *1 (citing *Smith*, 159 F. 3d at 879). Finally, the party to the state court matter who issued the subpoena has not opposed the motion to quash. Accordingly, the motion is allowed and the subpoena is quashed. The Clerk shall provide a copy of this order to the Clerk of Court for Wilson County.

SO ORDERED, this the 16th day of April, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge